THOMAS's Lessee *vs* TURVEY.—June, 1827.

A sheriff's return to a *fieri facias,* which states a levy on "part of a tract of land called," &c. is void for uncertainty; cannot be set up by matter *de hors* the return, and a sale under it passes no title.

But a levy on "a tract of land called," &c. under a *fieri facias* against one who was seized of a part of such tract, and a sale under it, will pass his interest to the purchaser.

APPEAL from *Charles* County Court. Ejectment brought by the plaintiff below, (now appellant,) to recover "all that tract or parcel of plantable land called *Borough Hall,*" containing 500 acres more or less. Defence was taken on warrant by the defendant, (the appellee,) under the plea of not guilty. Issue was joined and plots were returned.

At the trial the plaintiff read in evidence a certificate of survey of *Borough Hall,* made on the 4th of February 1666, for and in the name of *Robert Henley,* containing 500 acres. Also the following entry taken from the Rent Rolls, viz. "500 acres. 10, Rent. *Borough Hall,* surveyed 5th February 1666, for *Robert Henley,* in the woods near the land formerly laid out for *Thomas Harris.* Poss'ors. 350, *William Courts.* 150, *Samuel Clagett.*" He further proved, that *William Courts,*

deceased, was seized of a part of the said tract of land in his demesne as of fee. That certain writs of *fieri facias* issued from *Charles* county court against the said *Courts*—One dated the 10th of May 1819, on a judgment rendered in that court at the suit of *Alexander Greer.* Another dated the 2d of June 1819, on a judgment, &c. at the suit of *Horatio Clagett.* Another dated the 15th of July 1819, on a judgment, &c. at the suit of *Rice* and *Newton.* Another dated the 4th of October 1819, on a judgment, &c. at the suit of *Elizabeth B. Laidler.* Another dated the 4th of October 1819, on a judgment, &c. at the suit of the same. The plaintiff then gave in evidence the schedule of appraisements and returns of the sheriff, made upon the said writs of *fieri facias.* The schedule to the *first, second, fourth* and *fifth,* above mentioned writs of *fieri facias,* described the land as seized and taken under those writs by the sheriff, and appraised, &c. to be "part of a tract of land called *Borough Hall,* containing the supposed quantity of 130 acres of land more or less." The schedule to the *third* above mentioned writ described the land as seized, &c. to be "a tract of land called *Burrow Hall,* containing 130 acres more or less." The sheriff's returns to each of the said writs were—"Laid p. schedule, and the lands and tenements sold to *Zachariah Thomas* for $800," &c. The plaintiff then gave in evidence a deed from the said sheriff, *(George H. Spalding,)* to *Zachariah Thomas,* the lessor of the plaintiff, dated the 9th of November 1819, reciting the several writs of *fieri facias* herein before mentioned; and that in pursuance of the commands therein contained the said sheriff laid the same upon "part of a tract of land called *Borough Hall,* being of the lands and tenements of the said *William Courts,* containing one hundred and thirty acres more or less." That after due notice being given, &c. the said sheriff did, on the 30th of October 1819, sell the same to the said *Thomas* for the sum of $800, &c. The plaintiff then proved all his locations made by him on the plots returned in the cause. The defendant then prayed the court, and their instruction to the jury, that the said schedules and returns were not sufficiently certain to enable the plaintiff to recover. Which opinion the Court, [*Stephen,* Ch. J. and *Key,* and *Plater,* A. J.] gave to the jury. The plaintiff ex-

cepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, ARCHER, and DORSEY, J.

*Stonestreet*, for the Appellant. 1. The plaintiff below, located on the plots in the cause the tract of land called *Borough Hall;* and he also located every part thereof which had been sold out, and was not in the possession of *Courts* at the time the writs of *fieri facias* were laid, leaving *Courts's* part of that tract marked by metes and bounds; and which is the part taken under the writs of *fieri facias*. Of this part *Turvey,* the defendant, was tenant to *Courts.* These locations the plaintiff proved—they were not counterlocated.

2. In one of the schedules to the writs of *fieri facias* offered in evidence, the land is described—"a tract of land called *Borough Hall.*" This, it is contended, is sufficiently certain to enable the plaintiff to recover.

3. The prayer to the court below, as stated in the bill of exceptions, was that the schedules and returns were not sufficiently certain to enable the plaintiff to recover. This confines the inquiry of this court to that single question. And as it is manifest that one of the schedules describes the land with sufficient certainty, the judgment of the court below must be reversed.

4. All the other schedules, and each of them, give a sufficient description of the land seized. The reason why it has been objected that "part of a tract of land" is too uncertain is, that the sheriff would not know where, or on what land to execute a writ of possession. In this case no such difficulty would occur, as the particular part sold as *William Courts's* has been laid down on the plots by metes and bounds, and is admitted to be correctly located; which survey was made at the instance of the defendant, he having taken his defence on plots. And as the part of the tract seized under the writs of *fieri facias,* is distinctly marked out on the plots, a writ of possession can be executed without any difficulty.

For the principles contended for, he referred to *Barney vs Patterson's, Lessee,* 6 *Harr. & Johns.* 204, 205. *Shep. Touch,* 249; and 1 *Phill. Evid.* 203.

*Taney, Magruder,* and *C. Dorsey,* for the Appellee, submitted the case to the court without argument.

ARCHER, J. delivered the opinion of the Court. The plaintiff, to show title in himself in the tract of land called *Borough Hall,* for which the suit was instituted; and for the purpose of showing that the title of *William Courts,* under whom the defendant claimed, and in whom a seizin in fee had been shown in the tract of land for which the suit had been brought, had been divested by a judicial sale, produced in evidence, as one of the links in the chain of his title, five several writs of *fieri facias,* with the schedules of appraisement and returns of the sheriff, issued on judgments obtained against *William Courts.* The defendant prayed the court to direct the jury, that the schedules and returns were not sufficiently certain to enable the plaintiff to recover; which direction the court gave. From this direction this appeal has been taken; and our inquiry is solely confined to the sufficiency of these schedules and returns.

Every schedule, except upon the third *fieri facias,* states a levy on part of a tract of land called *Borough Hall.* At this day it would seem to be unnecessary to express an opinion on the insufficiency of such a levy and sale to pass title, when the doctrine every where throughout the state, has for a long period of years corresponded with the decision of the court below. But it is contended that there exists in this case, that which differs it from ordinary cases, and will exempt it from the operation of the general rule. It is conceived, that because the plots identify the land levied upor and sold, and are uncontradicted by locations, that this circumstance cures the insufficiency of such a levy and sale; and if the only reason for such an insufficiency was that which has been stated by the appellant's counsel, to wit, that if a recovery was had the sheriff would not know upon what land to execute the writ of possession, it might perhaps be deemed sufficient, inasmuch as certainty is by the admission of the parties in their locations, given to the place sold. But that is not the true reason. A deed for part of a tract of land, designating the quantity, but without any description of the part sold, when unsupported by the principle of election, would be void. The ambiguity on the face

of the conveyance could not be explained by extrinsic circum-
stances.   So in this case no title could pass to a purchaser at
such sale; for the sheriff's levy and return would be void for
uncertainty, and could not, by any possibility, be set up by mat-
ter *de hors* the return.   The objection, therefore, is that no ti-
tle passes by it, and the plots in the cause, which admits its lo-
cation, cannot aid or set up what was radically void and defec-
tive *ab initio.*

But the third schedule and return is in the usual form,
and was upon the whole tract called *Borough Hall,* for which
the suit was brought, and was certain and sufficient.   The court
below, therefore, erred in declaring that all the schedules and
returns were insufficient—this one being good and available.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.